UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN ACCESS CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILFREDO AGUAYO, an individual; SETH ORTH, an individual; DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00064-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Defendant's Motions to Extend Copy Work and for Appointment of Counsel. ECF Nos. 17, 18. The Court denies the pending Motion seeking appointment of counsel. Defendant does not have a constitutional right to counsel to assist with defense of a civil dispute. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (no right to counsel in a civil case unless indigent litigant may lose his physical liberty if he loses litigation). A federal court may appoint counsel for civil litigants only when exceptional circumstances are present. 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). These two prongs are viewed in conjunction. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Defendant's lack of adequate legal knowledge, a concern shared by many *pro se* litigants, does not rise to the standard of exceptional circumstances. *Garcia v. Las Vegas Metropolitan Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at \*3 (D. Nev. June 19, 2020); *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016). While all *pro se* litigants would likely benefit from services of counsel, this is not the standard the Court employs when determining whether counsel should be appointed. *Anderson v. Nev.*, Case No. 3:16-cv-00056-RCJ-WGC, 2017

WL 11479417, at *2 (D. Nev. Nov. 22, 2017) (internal citation omitted). "So long as a *pro se* litigant is able to articulate his claims against the relative complexity of the matter, the exceptional circumstances that might require the appointment of counsel *do not exist.*" *Rimer v. State of Nevada ex rel. Nevada Dept. of Corrections*, Case No. 2:14-cv-00889-RFB-CWH, 2015 WL 51014, at *2 (D. Nev. Jan. 2, 2015) (internal citation and quotation marks omitted) (emphasis in original). Moreover, the lack of adequate legal knowledge is not an exceptional circumstance warranting the appointment of counsel. *Zamaro*, 656 Fed.Appx. at 299.

Here, Plaintiff's instant Motions (ECF Nos. 17, 18) demonstrate he is capable of articulating his thoughts and claims. Further, a review of the Complaint against Defendants demonstrates there is serious question whether Defendant will succeed on the merits. As for Defendant's concerns regarding locating his co-defendant, the Court previously granted Plaintiff an extended period of time within which to serve this individual.

Defendant does not have a right to a specific amount or unlimited copy work. The Ninth Circuit Court of Appeals has repeatedly stated that the denial of free and unlimited photocopying does not constitute a denial of access to the courts. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). In this district, the Court is authorized to order a prison to provide limited photocopying "when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cty. Det. Ctr.*, Case No. 2:10-cv-00857-RLH-GWF, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011). According to Nevada Department of Correction's Administrative Rules, inmates are not constitutionally entitled to free copy work. AR 722.01(7)(A). Requests for copies "will be charged to the inmate's Department 2 account to be reimbursed to the Department." AR 722.01(7)(D). "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." AR 722.01(7)(E). Defendant does not contend he has incurred $100 in debt for copies and is unable to obtain copies of documents needed for his defense. Instead, Defendant appears to believe he can only make $100 work of copies, which is incorrect.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Extend Copy Work (ECF No. 17) and Motion for Appointment of Counsel (ECF No. 18) are DENIED.

Dated this 11th day of September, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE