UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN ACCESS CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILFREDO AGUAYO, an individual; SETH ORTH, an individual; DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00064-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Sean Orth's Motions asking the Court to impose sanctions for alleged misconduct (ECF No. 35) and alleged violations of discovery (ECF No. 37).[1] Also pending is Orth's Objections to Plaintiff's Request for Admissions (ECF No. 38). The Court reviewed the Motions for Sanctions, the Objection, Plaintiff's Responses, and the one Reply filed by Orth.

**I.   Orth's Motions are Only Partially Decipherable**.

United States District Court for the District of Nevada establishes by local rule that documents submitted to the Court must be legible. LR IA 10-1(a)(2); LSR 2-1. *See also* LR IA 10-1(a)(3) requiring text of submission to "be size 12 font or larger." Orth's *pro se* status does not relieve him from complying with these rules. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012).

A review of Orth's handwritten filings show that some, but not all, of what he submitted is illegible. Orth's handwriting is quite small (far smaller than 12 point font), and portions of each

---

[1]   Defendant Sean Orth is referred to herein as "Orth." The Motion for Sanctions arising from alleged misconduct and Motion for Sanctions relating to alleged violations of discovery are referred to herein as the "Motions for Sanctions."

submission is indecipherable. The Court has done its best to understand each and all of Orth's arguments; however, the Court did not consider what it could not read.

## II. There is No Legal or Factual Basis for Sanctioning Plaintiff.

In his Motions for Sanctions, Orth (1) takes issue with Plaintiff's failure to attach Exhibit A to its Complaint, and (2) raises what he terms discovery abuses the specifics of which are not entirely clear but seem to arise from the alleged belated production of the insurance policy and the policy's Declaration Page.[2] Although there is no dispute that Plaintiff's Complaint referred to but failed to attach Exhibit A to the filing, there is also no issue regarding whether Orth received Exhibit A once the error was discovered. Exhibit A, apparently the Declaration Page, was available to Orth on September 8, 2023 when it was filed with the Court. ECF No. 16. The insurance policy at issue was produced to Orth on multiple occasions including with Plaintiff's initial disclosures first mailed by Plaintiff on July 23, 2023. The insurance policy was sent a second time on November 6, 2023 (ECF No. 24 at 6), and provided a third time as an attachment to Plaintiff's Requests for Admissions also served on November 6, 2023. ECF No. 43 at 2.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts are given broad discretion to control discovery under Rule 37, including "particularly wide latitude ... to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

While the Court may also sanction a party under its inherent authority for actions taken in bad faith or for willful disobedience of a court order (*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012)), neither circumstance is present here. "Before awarding sanctions under its inherent powers, ... the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d

---

[2] "The Declaration Page of the [p]olicy [provides a] summar[y] ... [of] the coverage that" Plaintiff agreed to provide to Aguayo, "and the costs" Aguayo "agreed to pay in exchange for such coverage." *Kaufman v. GEICO Indemnity Company*, Case No. 3:13-cv-01932-HZ, 2015 WL 3605135, at *1 (D. Ore. June 5, 2015).

644, 648 (9th Cir. 1997) *quoting*, in part*, Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). A party exhibits "bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* at 649. "The bad faith requirement sets a high threshold," *id.*, and "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Orth's argument regarding Plaintiff's failure to attach Exhibit A to the Complaint, repeated several times, supports neither a finding of bad faith nor sanctions under Rule 37. There is no dispute that Orth filed an Answer to Plaintiff's Complaint on April 13, 2023. ECF No. 6. Orth did not raise the failure to attach Exhibit A to the Complaint at that time. *Id*. Orth signed a proposed discovery plan and scheduling order submitted to the Court on August 30, 2023. ECF No. 13. Orth also did not raise the failure to attach Exhibit A to the Complaint in that filing. *Id*. In fact, Orth did not raise any issue relating to Exhibit A in any Court filing before he requested to extend his prison copy privileges on November 6, 2023. ECF No. 21. Plaintiff believed Orth had a copy of the policy that was mailed in July 2023 with Plaintiff's initial disclosures until learning on November 6 that he did not. Plaintiff mailed a second copy of the document on that date. ECF No. 24 at 6.[3]

Further, Orth argues Exhibit A to Plaintiff's Complaint, the Declaration Page, was not produced with the initial disclosures. Even assuming this is true, Orth admits he received a copy of the Declaration Page on September 8, 2023 when Plaintiff filed its Affidavit of Service on Wilfredo Aguayo (ECF No. 16). ECF No. 37 at 12.

The facts demonstrate that Orth has the entire insurance policy at issue as well as the Declaration Page that was Exhibit A to the Complaint. These documents have been in Orth's possession since as early as September 2023 and no later than November 2023. The discovery period set by the Court does not close until April 8, 2024. ECF No. 14. Orth had both documents before the Court granted Plaintiff's request to take his deposition on December 15, 2023 (ECF No. 41) and

---

[3] At various intervals in Orth's Motions for Sanctions he challenges the veracity of the insurance policy documents produced by Plaintiff. Orth cites no credible evidence supporting this accusation thus failing to create a viable question regarding whether the policy produced is, in fact, the insurance policy at issue. Plaintiff represents the policy produced "as part of its initial disclosures that were signed by counsel pursuant to FRCP 11" is the policy that was written for Orth's codefendant Wilfredo Aguayo. ECF No. 42 at 4. In the absence of any credible evidence in support of Orth's accusation, the Court declines to discuss this issue further.

well in advance of the discovery cutoff thus allowing Orth to conduct discovery (if he chose to do so) with full knowledge of what the policy stated. The totality of the circumstances demonstrates the initial failure to attach the Declaration Page (Exhibit A) to the Complaint was harmless. Orth's failure to receive initial disclosures mailed on July 23, 2023 cannot be blamed on Plaintiff. Upon learning Orth had not received the initial disclosures, they were mailed again. This conduct does not evidence bad faith or a failure to provide information under Rule 26.

Orth also argues the intent to take default against codefendant Wilfredo Aguayo, attempt to serve Aguayo by mail, and effective service on Aguayo through the Department of Motor Vehicles is somehow evidence of sanctionable conduct. ECF No. 35 at 2-5. But, Orth's concerns regarding service on Aguayo are, at best, misplaced and under no circumstances support imposition of sanctions. NRS 14.070 specifically addresses service of process on the operator of a motor vehicle involved in a crash. Subsection 1 establishes the lawful service of process through the Department of Motor Vehicles, and subsection 2 of this statute establishes how such service must be accomplished. Plaintiff filed proof of effective service of Aguayo through the Department of Motor Vehicles on September 8, 2023. *See* ECF No. 16-1 at 3. Even assuming Orth has standing to raise whether service was effective on another party, Orth's concern is unfounded.

Orth's Motions for Sanctions re-raises concerns regarding Plaintiff's request to take his deposition. ECF No. 35 at 6. The Court considered Orth's arguments regarding Plaintiff's deposition request and found in favor of Plaintiff in its December 15, 2023 Order. ECF No. 41. The Court stated there was "no indication that Plaintiff's deposition is cumulative, duplicative, disproportionate to the needs of the case, or that the information is readily obtainable from another more convenient source." *Id*. at 2. The Court rejected "Orth's argument that he will be prejudiced by the deposition based on a state trial regarding the underlying accident" and found Orth offered "no argument (or facts) demonstrating that his deposition testimony would somehow prejudice his ability to defend himself at trial (except, of course, that representation by Plaintiff may cease)." *Id.* There is nothing in Orth's instant Motions for Sanctions that alters these findings by the Court.

Finally, the Court rejects Orth's request for case terminating sanctions sought in his Motion at ECF No. 37. Orth cited Federal Rule of Civil Procedure 26(a)(1)(A), (C), and (E) in support of

4

this request. *Id*. at 3. Plaintiff has complied with the requirements of Fed. R. Civ. P. 26(a)(1)(A). Plaintiff produced its initial disclosures (more than once) and does not seek damages against Orth or his codefendant. ECF No. 24-3. Orth has conducted no discovery, thus, there is nothing before the Court suggesting Plaintiff's failure to properly respond to discovery propounded. There is also no motion to limit discovery pending. Instead, Orth (improperly) filed an "Objection" to Plaintiff's Requests for Admissions that, as discussed below, were properly propounded. Thus, the Court finds no violations of Fed. R. Civ. P. 26 by Plaintiff.[4]

In sum, after reviewing Orth's Motions for Sanctions, the responses, and the evidence, the Court finds there is no basis under Rule 37 or its inherent authority to sanction Plaintiff.

### III. Orth's Objections to Plaintiff's RFAs.

Orth's objections to the Requests for Admissions propounded by Plaintiff are based on (1) Plaintiff's request to depose Orth, which the Court granted on December 15, 2023, and (2) the request that Orth admit or deny "questions related to an insurance policy attached" to the Requests as Exhibit A. ECF No. 37 at 15-16. Orth says he cannot answer the RFAs without having the policy that underlies the admission requests sent to him. *Id*. at 16. This contention is nonsensical. The document Orth says he must have in order to respond to the Requests for Admissions was attached to the Request for Admissions. The same document—the policy—was mailed to Orth on July 23, 2023 and again on November 6, 2023. Indeed, Orth included the policy—which he obviously has—as an exhibit to his Objection. *Id*. at 20-48. Orth's objection alleging he cannot answer questions regarding a policy he does not have is patently contradicted by Orth's filing.

The proper avenue to object to a request for admission is in response to the admission requested. Fed. R. Civ. P. 36(a)(5). Nonetheless, the Court appreciates that Orth may not have full access to the Federal Rules of Civil Procedure and, for that reason, the Court provides Orth one additional opportunity to respond to the admissions requests so as to avoid a finding that Orth has

---

[4] Orth reiterates his position that Plaintiff failed to timely produce initial disclosures and the actual insurance policy at issue. However, the evidence before the Court shows the Initial Disclosures were timely mailed to Orth under the Discovery Plan and Scheduling Order on July 23, 2023. ECF Nos. 14 at 2; 24-1 at 1 ¶ 2. These disclosures were mailed again on November 6, 2023 once Plaintiff received notice that Orth did not receive the first mailing. Thus, the insurance policy was also provided with Plaintiff's Requests for Admissions. ECF Nos. 24-3; 43 at 2. Orth also has the Declaration Page, which he received in September 2023. ECF No. 16. There is nothing before the Court supporting Orth's argument that Plaintiff has falsely portrayed what or when it disclosed documents.

5

admitted each of the pending requests. Fed. R. Civ. P. 35(a)(3) (stating: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

### IV.   Order

Accordingly, IT IS HEREBY ORDERED that Defendant Sean Orth's Motion for Sanctions for Misconduct (ECF No. 35) and Motion for Sanctions for Violations of Discovery (ECF No. 37) are DENIED.

IT IS FURTHER ORDERED that Mr. Orth's Objections to Plaintiff's Request for Admissions (ECF No. 38) is DENIED.

IT IS FURTHER ORDERED that Mr. Orth is provided additional time to respond to Plaintiff's Requests for Admissions. Specifically, Mr. Orth must respond to each admission, sign, and date the response, and place the responses in first class U.S. Mail no later than **March 29, 2024**.

IT IS FURTHER ORDERED that Mr. Orth's failure to respond to Plaintiff's Requests for Admissions on or before **March 29, 2024** may result in a finding that each Request for Admission is admitted by Mr. Orth.

Dated this 6th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE