# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| American Access Casualty Company,<br><br>　　　Plaintiff<br>v.<br><br>Wilfredo Aguayo and Sean Rodney Orth,<br><br>　　　Defendants | Case No. 2:23-cv-00064-JAD-EJY<br><br>**Order Granting Motion for Summary Judgment and Closing Case**<br><br>**[ECF No. 59]** |

　　　American Access Casualty Company, an insurance company, sues Sean Rodney Orth and Wilfredo Aguayo, seeking a no-coverage declaration for an automobile accident between Orth (who was driving a car registered to Aguayo) and another driver, Richard Wilson. Wilson sued Orth and Aguayo, and American Access has been defending them in that state-court suit. This federal case focuses on whether the vehicle Orth was driving at the time of the accident was covered by an American Access insurance policy.

　　　American Access moves for summary judgment, arguing that Aguayo didn't have coverage for the car that Orth was driving so it has no duty to defend or indemnify either defendant. Although default against Aguayo has been entered, Orth has appeared in the action. But Orth has failed to oppose American Access's motion, and the evidence supplied by American Access establishes without genuine dispute that coverage doesn't exist. American Access has thus demonstrated its entitlement to judgment as a matter of law, so I grant its motion for summary judgment, enter judgment in its favor, and close this case.

**Background**

On February 1, 2020, Sean Rodney Orth was involved in a serious traffic accident with Richard Wilson at an intersection in Las Vegas, Nevada.[1] At the time of the accident, Orth was driving a 2003 Chevy Avalanche.[2] The traffic-accident report written on the day of the accident shows that the Avalanche was registered in Idaho to Wilfredo Aguayo.[3] Aguayo was the "named insured" under an American Access car-insurance policy effective December 28, 2019, to December 28, 2020 (December 2019 policy).[4] But a search through American Access's records showed that the company never issued any such policy to Orth—or any policy at all for the Avalanche.[5] In fact, American Access has never issued a policy in the State of Idaho.[6] So the only evidence of an American Access insurance policy is Aguayo's December 2019 policy, listing a Jeep Wrangler Sport as his only covered vehicle.[7]

Wilson filed suit against Orth and Aguayo for damages resulting from the accident, and American Access has been defending them in that state-court case.[8] But when it concluded that the Avalanche was not insured under Aguayo's policy, it filed this declaratory-judgment action seeking a finding that American Access is not responsible for damages from the accident.[9] On

---

[1] ECF No. 59-5 at AACC000041 (traffic-crash report). I cite to the bates numbers added to this document and some other documents because the court's docketing system was unable to add separate pagination. For all other exhibits, I refer to the court's pagination.

[2] *Id.* at AACC000045; ECF No. 59-6 (photograph of the Chevy Avalanche).

[3] ECF No. 59-5 at AACC000045.

[4] ECF No. 59-3 at AACC000079 (American Access declarations page).

[5] ECF No. 59-2 at ¶¶ 6, 7 (declaration of Kim Froio).

[6] *Id.* at ¶ 9.

[7] ECF No. 59-3 at AACC000079.

[8] ECF No. 59-8 (plaintiff's complaint); ECF No. 59-1 at ¶ 3 (declaration of Sean Cooney).

[9] ECF No. 59.

2

December 11, 2023, American Access moved for entry of default against Aguayo,[10] and that motion was granted by the Clerk of the Court on December 29, 2023.[11] Orth has since appeared in the action. American Access moves for summary judgment, seeking a declaration that there is no possibility of coverage for Orth or Aguayo related to the accident.[12] Although Orth has appeared in this action,[13] he did not file an opposition to American Access's motion, and the deadline to do so has long-since passed.[14]

**Discussion**

**A.     As to Aguayo, American Access's motion is construed as one for default judgment.**

American Access seeks summary judgment against both Aguayo and Orth. Because Aguayo has been defaulted, the proper procedure for American Access would be to seek default judgment against him under Federal Rule of Civil Procedure 55(b). But because the relief that American Access seeks (a declaration that its policy does not provide any coverage for the underlying accident) and the evidence it relies on (primarily, Aguayo's insurance policy) will equally apply to both defendants, I construe American Access's motion against Aguayo as one for default judgment and consider it under the standards governing such a request.

---

[10] ECF No. 39.
[11] ECF No. 44.
[12] ECF No. 59.
[13] ECF No. 45.
[14] *See* ECF No. 62.

**B.     American Access has shown that Aguayo's policy doesn't cover the Orth-Wilson car accident.**

American Access argues that it has no obligation to provide coverage for the Orth-Wilson accident because no insurance policy it has ever issued could possibly cover that incident.[15] It contends that the only policy it issued related to the defendants is one issued to Aguayo to insure his Jeep—and that policy plainly does not apply to Orth or the Chevy Avalanche that he was driving.[16] It also contends that none of the exceptions for replacement or new cars could operate to extend coverage to Orth or the Avalanche.[17]

   *1.     Summary-judgment standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[18] When considering summary judgment, courts view all facts and draw on all inferences in the light most favorable to the nonmoving party.[19] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[20]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific

---

[15] ECF No. 59 at 10.
[16] *Id.*
[17] *Id.* at 12.
[18] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[19] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[20] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

4

facts showing that there is a genuine issue for trial."[21]  Although the failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, the lack of a response is not without consequences.[22]  As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[23]

### 2. *There is no possibility of coverage by American Access in the underlying action.*

In Nevada,[24] insurance policies are treated like other contracts, so legal principles that apply to contracts generally apply to insurance policies.[25]  "When reading a provision of an insurance policy, the court's interpretation 'must include reference to the entire policy.'"[26]  "If a provision in an insurance contract is unambiguous, a court will interpret and enforce it according

---

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[22] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

[23] Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

[24] The insurance policy does not contain a choice-of-law provision.  The court must look to Nevada law—as the law of the forum state—to make choice-of-law determinations. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005).  "Nevada tends to follow the Restatement (Second) Conflicts of Law (1971) in determining choice-of-law questions involving contracts . . . and insurance contracts, in particular." *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1063 (Nev. 2014) (internal citations omitted).  Under § 193 of the Restatement, the rights created by insurance contracts like the one at issue here "are determined by the local law of the state [that] the parties understood was to be the principal location of the insured risk during the term of the policy." Restatement (Second) of Conflict of Laws § 193 (1971).  I find that Nevada was the principal location of the insured risk, so Nevada law applies to this dispute.

[25] *Century Sur. Co. v. Andrew*, 432 P.3d 180, 193 (Nev. 2018) (citations omitted).

[26] *Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 497 P.3d 625, 628 (Nev. 2021) (quoting *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993)).

5

to the plain and ordinary meaning of its terms."[27] "Whether an insurance policy is ambiguous turns on whether it creates reasonable expectations of coverage as drafted."[28]

"Under an insurance policy, the insurer owes two contractual duties to the insured: the duty to defend and the duty to indemnify."[29] The duty to defend is "separate from . . . and broader than the duty to indemnify."[30] "Under Nevada law, '[d]etermining whether an insurer owes a duty to defend is achieved by comparing the allegations of the [underlying] complaint with the terms of the policy.'"[31] "If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured."[32] "An insurer bears a duty to defend its insured whenever it ascertains facts [that] give rise to potential liability under the policy."[33]

Neither the Avalanche (the car involved in the underlying accident) nor Orth (the driver of the Avalanche at the time of that accident) were covered by any American Access insurance policy. Neither party has presented evidence that any insurance policy besides the American Access December 2019 policy could apply here.[34] That policy was issued to Aguayo and listed Aguayo's Jeep as the only covered vehicle.[35] No evidence indicates that the parties intended that policy to cover anything more than Aguayo, his spouse, and permissive drivers of the Jeep. It

---

[27] *Fed. Ins. Co. v. Coast Converters*, 339 P.3d 1281 (Nev. 2014) (quoting *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011)).

[28] *Id.*

[29] *Id.* (citing *Andrew*, 432 P.3d at 183).

[30] *Andrew*, 432 P.3d at 183.

[31] *Christensen v. Darwin Nat. Assur. Co.*, 645 F. App'x 533, 534 (9th Cir. Mar. 23, 2016) (unpublished) (quoting *United Nat'l Ins. v. Frontier Ins.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc)).

[32] *United Nat'l Ins.*, 99 P.3d at 1158.

[33] *Andrew*, 432 P.3d at 183.

[34] *See* ECF No. 59-3 at AACC000079.

[35] *Id.*

offers coverage for "damages . . . for which an insured person is legally obligated, because of bodily injury or property damage resulting from an accident involving an insured vehicle."[36] And an "insured person" under the policy includes only the signatory or "any other person, not excluded from coverage, while using your insured car" with the signatory's "permission and within the scope of that permission."[37] The policy further defines "insured car" as "a car shown on the Policy Declarations, with a premium shown for the coverage" and clarifies that "physical damage coverage does not apply for an additional car" the signatory acquires.[38] The Jeep is the only vehicle listed on the declarations page; the Avalanche is not listed.[39]

Orth is not an "insured person" under the policy. There is no evidence that American Access ever issued a policy of insurance to Orth,[40] and Orth was not driving a car covered by an American Access policy at the time of the accident.[41] The Avalanche he was driving was never insured by American Access.[42] Indeed, American Access has never written insurance policies in the State of Idaho, where the Avalanche was registered at the time of the accident.[43] The American Access policy also specifically disclaims coverage for any drivers of vehicles not listed on the declarations page.[44]

---

[36] ECF No. 59-4 at AACC000009 (American Access personal automobile insurance policy).

[37] *Id.* at AACC000005.

[38] *Id.*

[39] ECF No. 59-3 at 2.

[40] ECF No. 59-2 at ¶ 6.

[41] ECF No. 59-5 at 6 (traffic-crash report); ECF No. 59-2 at ¶ 5.

[42] ECF No. 59-2 at ¶ 7.

[43] *Id.* at ¶ 9.

[44] ECF No. 59-4 at AACC000029.

Orth has not presented any evidence at all—let alone evidence to suggest that the unlisted Avalanche he was driving falls under any of the limited exceptions for "replacement cars, newly acquired additional cars, or occasional use of non-owned cars,"[45] and I find that it does not. The terms "replacement cars" and "newly acquired additional cars" are not defined by the policy,[46] but under no ordinary meaning of these terms would Aguayo's Avalanche qualify, since no evidence suggests that the Jeep was purchased before the Avalanche.[47] And there appears no dispute concerning Aguayo's ownership of the Avalanche, so the last "non-owned cars" exception doesn't apply either.

American Access has therefore met its burden on summary judgment, and Orth's failure to offer any response whatsoever has left the court without any evidence that the American Access policy covers the underlying accident. The undisputed facts as properly presented and supported by American Access in its motion, coupled with the passing of the discovery period, belie Orth's ability to muster any evidence that American Access is responsible for covering damage resulting from the accident. Those same facts support default judgment against Aguayo, as the evidence establishes that the policy doesn't apply to the accident at all, regardless of the defendant. I thus find that American Access has established the merits of its claim and that there is no possibility of a dispute concerning material facts as to Aguayo.[48] So I grant judgment for American Access and against Orth and Aguayo.

---

[45] ECF No. 59-4 at AACC0000012.

[46] *See* ECF No. 59-4.

[47] *See* ECF No. 59-1 at ¶ 8.

[48] *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (discussing the factors courts must consider when granting judgment against a defaulting party).

**Conclusion**

IT IS THEREFORE ORDERED that American Access's motion for summary judgment **[ECF No. 59] is GRANTED**. The Court hereby **DECLARES** that there is no possibility of coverage under the policy of insurance issued to Wilfred Aguayo on December 28, 2019, by American Access Casualty Company for Sean Rodney Orth or Wilfredo Aguayo for the underlying action (Wilson v. Orth, et al., A-22-847380-C (Eighth Jud. Dist. Ct.)) for the February 1, 2020, accident involving Sean Rodney Orth and Richard Wilson.

The Clerk of Court is directed to **ENTER THIS DECLARATORY JUDGMENT** in favor of American Access Casualty Company and against Sean Rodney Orth and Wilfredo Aguayo and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 4, 2024